IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL CHAMBERS
    Petitioner

v.

RAPHEAL WILLIAMS, Warden,
HOWARD R. YOUNG CORRECTIONAL     Civil Action No. 06-771
INSTITUTION, CARL DANBERG,
ATTORNEY GENERAL OF DELAWARE,
Et Al.
    Respondents.

MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR
WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254


FILED
FEB 15 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

TO: THE HONORABLE JUDGE/JUDGES OF THE ABOVE-SAID COURT:

The Petitioner, Michael Chambers, Pro-se that the Writ of Habeas Corpus is granted for the reasons that follows:

## JURISDICTION

Pursuant to United States Ex Rel. Grano v. Anderson, 318 F.Supp. 263 (D.Del. 1970), aff'd, 446 F.2d 272 (3d Cir. 1971), "Delaware Superior Court Rule 35/61, Del. C.Ann., on its face does not afford an aggrieved party the right of review from an order of extradition, it speaks only the "correction of illegal sentences." Moreover, T.10 Del.C., Sec.6902, expressly exempts extradition proceeding from the right of review by way of habeas corpus. While the Delaware Courts have apparently never passed upon the question whether Rule 36 (or 61) encompasses extradition proceedings, nevertheless, in the face of its language I cannot conclude that this Petition has failed to exhaust state remedies." See Ex Parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1943); Tickle v. Summers, 270 F.2d 848 (C.A. 4th 1959); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1962).

Accordingly, this Honorable District Court has the Jurisdiction to entertain the instant matter posing Federal questions of violation of the Interstate Agreement on Detainees Act, concerning Unlawful Extradition.

1. If there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint. See: State v. Fischer, Del. Supr., Ct., 269 A.2d 244 (1970), aff'd Del. Supr. 285 A.2d 417 (1971); State v. Budd Metal Co., Del. Supr., 447 A.2d 1186 (1982); State v. Johnson, Del. Super. Ct., 564 A.2d 364 (1989); and also; State v. Korotki, Del. Super. Ct., 418 A.2d 1008 (1980).

2. Petitioner asserts the State of Delaware caused the two and one half ("2 1/2") year delay in bringing to trial the Petitioner in the instant case. When delays are caused by the State due to a situation within its control, there is no abuse of

      judicial discretion in dismissing the charges, Subdivision (b) of Superior Court
Criminal Rules 48 is a codification of the inherent power of the court to dismiss a
case for want of prosecution.

   The State of Delaware violated Petitions speedy trial rights, as the Petitioners first demand for speedy trial under the Interstate Agreement on Detainees Act, Article III, was served on or about June 2004 on Prison Officials having custody of Petitioner. Petitioner's Counsel Lawson and the Warden of Chester County Prison, Media, Pennsylvania, as required by 11 Del.C. § 2542(b) of the (IAD), and the notices that clearly complied with the (IAD) were received more than 180 days before he was brought to trial, approximately 1000 days or more to bring Petitioner to trial far exceeding the remedial purpose of the (IAD) Act and the Speedy Trial Rule, by a utter lack of due diligence and this case should be dismissed pursuant to the Interstate Agreement on Detainees Act, Article V(c), and also the Speedy Trial Rule/clause of the Sixth Amendment of the United States Constitution.

3. Pursuant to Superior Court Criminal Rule 33, "In light of Newly Discovered Evidence and the Interest of Justice" under Rule 61, Recantation of trial testimony warrants a new trial if (a) the court is reasonably well satisfied that the testimony given by a material witness is false, (b) the jury might have reached a different conclusion without the false testimony, and (c) the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial, and also; affidavits supporting recantation claims entitled a Petitioner to an evidentiary hearing on Petition. See: Weedon v. State, 750 A.2d 521 (Del, 2000).

   In the "interest of justice" the Honorable Court should reconsider the admissibility of statements by Ms. Jasmine Pruden which is warranted in a Post-Conviction case due to subsequent factual developments involving recantation of coerced statements that supported Affidavit of Probable Cause for Warrant and Conviction See: Exhibit "A", Ms. Jasmine Pruden Affidavit of Recantation; Exhibit "B", Bureau of Community Corrections Arrest/Incident Report; Exhibit "C", Initial Crime Report and Investigative Narrative; and also See: Exhibit "D", Petitioner's Letter to Counsel Requesting Subpoena of Ms. Jasmine Pruden for Trial as a Defense Witness, attached.

   Parole/Probation and Police Officers coerced Ms. Jasmine Pruden to fabricate that she and Petitioner resided at 1420 N. Clayton Street where drugs and a handgun were allegedly found by threatening her that they would take her children and they would be awarded to the state. Parole/Probation Officers were well aware that Petitioner resided at 3200 N. Jefferson Street, Wilmington, Delaware, due to "Home Checks"; furthermore, the lease for 1420 N. Clayton Street, Wilmington, Delaware, Apartment, #H-1, was in the name of Kevin White, who was never tried for the handgun and drugs allegedly found who was listed as the maintainer and dweller of property targeted by the warrant, nor was Curtis White, Betty White, Jasmine Pruden tried, whose name appeared on search warrant executed on 1420 N. Clayton Street, giving rise to selective prosecution.

Pursuant to Franks v. Delaware, 98 S.Ct. 2674 (1978), the Supreme Court held, "where defendant makes substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth was included by affiant in search warrant affidavit, and if an allegedly false statement is necessary to the finding of probable cause, Fourth Amendment requires that a hearing be held at defendant's request.

The Petitioner seeks a Franks Hearing to challenge the truthfulness of certain factual statements made in the police affidavit supporting the warrant to search the apartment and seeks to call witnesses to prove the misstatements such as, Jasmine Pruden, and also, Alleged Informant whose alleged "Tip" stated, "Petitioner was selling heroin" when Parole/Probation and Police Officers found cocaine allegedly.

In Criminal Trial the rule is that if the informer's information is crucial to the defense, then the government must choose between revealing his identity and allowing confrontation, or dismissing the charges. See: Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639, unless a circumstance exists where an informer's identity should be shielded, the court must then determine in consideration of an accused his constitutional right to confront and cross-examine their accuser(s), not the prosecutor, who determines the defendants need for information crucial to his defense.

The State of Delaware ambushed Petitioner at trial with the alleged Confidential Informants statements concerning the Hearsay Testimony from Drug Enforcement Agents that Petitioner was selling heroin whereas Police allegedly found cocaine at location where warrant was executed, in light of Franks, supra., and Roviaro supra., cross-examination of Informant is necessary to test his statements for the veracity of statements used by Police to procure a search warrant and a conviction.

4. The State of Delaware's Prosecutors Systematically excluded significant portion of Black population from Jury Pool and all Blacks from the Jury at Petitioner's Trial which violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. See: Batson v. Kentucky, 106 S.Ct. 1712 (1986); Miller-El v. Dretke, 125 S.Ct. 2317; Beard v. Holloway, 125 S.Ct. 410; Holloway v. Horn, 161 F.Supp. 2d 452; Williams v. Florida, 109 F.Supp. 2d 1372; U.S. v. Luong, 255 F. Supp. 2d 1123; and also; Lewis v. Lewis, 321 F.3d 824; McClain v. Prunty, 217 F.3d 1209.

Pursuant to Batson, supra., at 106 S.Ct. 1721, 476 U.S. 93-94, the Court concluded, moreover, since Swain, we have recognized that a Black defendant alleging that members of his race have been impermissibly excluded from the venire may make out a prima facie case of purposeful discrimination by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose. Washington v. Davis, supra, 426 U.S., at 239-242, 96 S.Ct., at 2047-49. Once the defendant makes the requisite showing, the burden then shifts to the State to explain adequately the racial exclusion. Alexander v. Louisiana, 405 U.S., at 632, 92 S.Ct. at 1226. The State cannot meet this burden on

mere general assertions that its officials did not discriminate or that they properly performed their official duties. See: Alexander v. Louisiana, supra, 405 U.S., at 632, 92 S.Ct., at 1226; Jones v. Georgia, 389 U.S. 24, 25, 88 S.Ct. 4,5,19 L.Ed. 2d 25 (1967). Rather, the State must demonstrate that "permissible racially neutral selection criteria and procedures have produced the monochromatic result." Alexander v. Louisiana, supra, 405 U.S., at 632, 92 S.Ct., at 1226; see Washington v. Davis, supra, 426 U.S., at 241, 96 S.Ct., at 2048.

Decisions under Title VII of the Civil Rights Act of 1964 also recognize that a person claiming that he has been the victim of intentional discrimination may make out a prima facie case by relying solely on the facts concerning the alleged discrimination against him. See cases in n.18, supra.

The Demographics of Wilmington City, New Castle County, Delaware is approximately seventy percent minority and thirty percent Caucasian population. However, the jury pool consisted of forty-one Caucasians and four Blacks while the jury was composed of twelve Caucasians and one Black alternate at Petitioner's Trial thus, gives rise to discrimination and violation of the Civil Rights Act of 1964; as well as; The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

WHEREFORE, the above-said reasons the Honorable United States District should grant the Writ of Habeas Corpus and dismiss the instant case with prejudice or Alternatively Order a Federal Evidentiary in the interest of justice and judicial efficiency.

Respectfully submitted,

Dated: 1-29-07

Michael Chambers SBI #24626
Petitioner Pro-se
Howard R. Young Correctional Institution
1301 East 12th Street
Wilmington, Delaware  19809

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL CHAMBERS
    Petititoner

v.

RAPHEAL WILLIAMS, WARDEN,
HOWARD R. YOUNG CORRECTIONAL      Civil Action No. _____
INSTITUTION, CARL DANBERG,
ATTORNEY GENERAL OF DELAWARE,
Et Al.
    Respondents.

## CERTIFICATE OF SERVICE

I, Michael Chambers, Petitioner, Pro-se, did cause a copy of the within, "Memorandum of Law In Support Of Petition For Writ Of Habeas Corpus under 28 U.S.C. § 2254," to be served by first-class U.S. mail to the person listed below:

    Carl Danberg
    Attorney General of Delaware
    7th Floor, Carvel State Building
    820 N. French Street
    Wilmington, Delaware 19801

Date: 1-29-07      /s/ Michael Chambers
    Michael Chambers SBI #246261
    Howard R. Young Correctional Institution
    1301 East 12th Street
    Wilmington, Delaware 19809

# AFFIDAVIT

I, Jasmine Pruden, affiant on this <u>18 day</u> of <u>September 2006</u>, being of sound mind and freewill, who resides at <u>2600 North Claymont Street</u> Wilmington Delaware 19802 swear to the statement that follows:

"On or about <u>November 13, 2003</u>, while pregnant and suffering " morning sickness," men ( who I later found out was probation and police officers) seized me from the car I was in, searched it, and arrested me. While I was in custody, sick and worrying about a miscarriage, I was bullied and forced to say what the probation and police officer wanted me to say about my boyfriend and my baby father Michael Chambers or they said they would send me to prison and give my kids to State Welfare Department for adoption. I was terrified, and scared that I was going to lose my kids. Therefore, I did and said what the probation and police officer told me to. Which I regret but at the time I had to put the welfare of my kids first. If I am subpoenaed I would gladly come to court and tell the truth about the matter."

Sworn To Subscribed Before /s/ ___Jasmine Pruden___
Me This <u>18 Day</u> of <u>September 2006</u>          AFFIANT

Exhibit "A"

# BUREAU OF COMMUNITY CORRECTIONS
## ARREST/INCIDENT REPORT

Report# : 03-03-52  
Category : Initial  
Facility : C052 Wilmington Probation and Parole  

Report Date & Time : 11/14/2003 / 13:00  
Incident Date & Time: 11/13/2003 / 10:30  

| Vehicle Search Details: | Oldsmobile | Model : Riviera | | Color: Black |
|---|---|---|---|---|
| Property Damage: | NA | | | |
| Force Used | Physical : [ ] | Chemical : [ ] | Stun Device : [ ] | Weapon : [ ] |
| Restraint Used | Yes | Type : Handcuffs | | |
| Injuries | No | Type : NA | | |
| Hospitalized | No | Where : NA | | |

**Facts of Incident :**

On 11/6/03 SPO Mark Herron stated to this officer that he had gathered information from a past proven source that Michael Chambers was not residing at his reported address of 3200 N. Jefferson St. Wilmington , DE 19802. The source stated that the offender was going to the residence nightly between the hours of 10:00 p.m. and 12:00 a.m. to await for probation officers doing curfew checks, the offender had an apartment at an unknown location, he was driving a black Buick Riviera with a temporary registration, and that he was selling drugs in the Riverside area.

On 11/10/03 SPO Craig Watson stated to this officer that he had received information from Probation Officer Larry Collins in conjunction with the DEA in regards to the offender having an apartment in the 1300 or 1400 block of N. Clayton St., he was dealing drugs, and possibly in possession of a gun.

On 11/12/03 SPO Mark Herron informed this officer that he had seen a black Riviera XA853848 parked on the 1400 block of N. Clayton St. on this day at approximately 1100hrs. On 11/13/03 at approximately 0845hrs. SPO Mark Herron stated to this officer that he was in the 1300 block of North Clayton St. and could see the same black Buick Riviera XA853848 parked in the 1400 block of North Clayton St. At approximately 1015 hrs. SPO Mark Herron called this officer and stated he had come out of the apartment complex manager's office and the black Buick Riviera was gone.

At    hrs. Michael Chambers was logged into the Wilmington Probation/Parole offender sign in sheet.

While Michael Chambers was in the Probation/Parole waiting room SPO Mark Herron called this officer and stated he had located the black Buick Riviera XA853848 parked at 17th St. and Pine St. He stated that the vehicle was being operated by a black female giving the name of Jasmine Flowers DOB 3/22/86. This officer checked this name against CJIS and DMV records and could find no information under this name including a drivers license.

This officer spoke with my supervisor Joe Reagan informed him of the situation. He approved taking the operation further.

Michael Chambers was escorted from the waiting room to this officer's office and placed in custody to determine the offender's correct residency.

At 1130hrs. this officer conducted an interview with the operator of the vehicle who stated to this officer her name was Jasmine Flowers and that she had driven to the probation office to give her boyfriend Michael Chambers a ride to see his probation officer for his weekly visit. When asked where she picked up the offender she stated that she did not have to pick up the offender because he had spent the night at their residence the night before. She stated she had an apartment located in the 1400 block of Clayton St. She stated that Michael Chambers was the father of her expected child and they had been in a relationship for greater then 2 months.

Based on the information gathered this officer felt that Michael Chambers was in violation status of his probation in regards to his residency. Based on the gathered information this officer felt there where illegal drugs and weapons in the residence of 1420 Clayton St. Apt H1.

PO Jeff Lehnert and PO Colleen Dragon where dispatched to 1420 Clayton St. Apt H1 to secure the residence until a search warrant could be established. SPO Mark Herron created the search warrant for the residence. The warrant was signed at J.P. Court 20 by Judge Susan Cline.

Reporting Officer : _____  Supervisor Name : _____  
Tuohey David S  
Date : _____  Date : 12-8-03

EXHIBIT "B"

## BUREAU OF COMMUNITY CORRECTIONS
## ARREST/INCIDENT REPORT

| | |
|---|---|
| Report# : 43-03-52 | Report Date & Time : 11/14/2003 / 13:00 |
| Category : Inital | Incident Date & Time: 11/13/2003 / 10:30 |
| Facility = D.52 Wilmington Probation and Parole | |

This officer along with SPO Mark Herron, SPO Craig Watson, and PO Amy Jensen responded to 1420 Clayton St. Apt H1 and initiated the search of the residence. Inside the apartment located in the front room on the east wall where 2 stacks of shoe boxes. This officer located inside a Timberland shoe box was a (1) Kimber 45 Caliber Semi-Automatic Handgun Serial # K070596, which contained a magazine with 8 rounds. This officer located in a Saucony shoe box a Superior Court receipt in the name of Michael Chambers. These items where seized as evidence.

SPO Mark Herron notified this officer that in the closet he discovered inside a blue corduroy Rockaware jacket a clear plastic bags filled with multiple blue zip lock bags each containing a white chalk like rock type substance and a clear plastic bag containing small blue pills marked "Myan A1" These items where secured as evidence.

This officer discovered inside the closet a clear plastic bag identified as a dry cleaning bag . On the bag was a Dunrite Custom Cleaners Receipt # 96582 with the name "Chambers" printed on it. This item was secured as evidence.

Wilmington Police Detectives Michael Rodriquez and Drysdale where called to the scene and advised of the situation. All evidence secured was turned over to these officers.

This officer responded to 17th and Pine St. and located the black Riviera. Based on a statement given to SPO Leles by "Jasmine Flowers" this officer performed an administrative search on the vehicle. Inside the vehicle this officer located on the passenger side floor area a matching DunRite Custom Cleaners Receipt # 96582. This item was secured as evidence. Inside the glove box this officer located a Pop-A-Lock receipt dated 11/10/03 made out to Michael Chambers 1420 Clayton St. Wilmington, DE. Listed on the receipt was vehicle information specific to a Black Buick Riviera Delaware XA 853848. This was secured as evidence. This officer contacted SPO Mark Herron and advised him of the new evidence. SPO Mark Herron contacted Detective Rodriquez who responded to 17th and Pine St. and took the evidence into his custody.

This officer responded back to the Wilmington Probation office and transported Michael Chambers and "Jasmine Flowers" to the Wilmington Police Station. There they where both taken into custody of the Wilmington Police Department.

**Follow Up Comments :**

N/A

**Supervisor Comments :**

N/A

| | |
|---|---|
| Reporting Officer : Tuohey David S | Supervisor Name : |
| Date : | Date : 12-9-03 |

Page 3 of 3

EXHIBIT "B"

| Page: 2 | Rept Date: 11/13/2003 | Agency: Wilmington PD | | Complaint: 30-03-117216 |

## Crimes and Associated Information

| Location Type | Status | Involvement | General Offense |
|---|---|---|---|
| Residence/Home | Adult Arrest 11/13/2003 | ☐ Alcohol ☒ Drugs ☐ Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐ Yes ☒ No ☐ N/A | 3556 - Cocaine/Possession with Intent to Deliver |

| Burglary Force Involved | Criminal Activity | Criminal Activity |
|---|---|---|
| ☐ Yes ☐ No | Distributing/Selling | Possessing/Concealing |

| Drugs | Property Category | Quantity | Drug Measure | Drug Type | Date Seized |
|---|---|---|---|---|---|
| | Drugs/Narcotics | 7.0 | Gram | Crack Cocaine | |

Extended Description: 24 BLUE TINTED ZIPLOCK BAGS EACH CONTAINING A WHITE ROCK TYPE SUBSTANCE, FIELD TESTED POSITIVE AS COCAINE.

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 005 | DE:16:4755:00A5:F:F | Maintaining a Dwelling for Keeping Controlled Substances- |

| Location Type | Status | Involvement | General Offense |
|---|---|---|---|
| Residence/Home | Adult Arrest 11/13/2003 | ☐ Alcohol ☒ Drugs ☐ Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐ Yes ☒ No ☐ N/A | 3593 - Maintaining a Dwelling/Vehicle for Drug Distribution |

| Burglary Force Involved | Criminal Activity | Criminal Activity |
|---|---|---|
| ☐ Yes ☐ No | Distributing/Selling | Possessing/Concealing |

| Stolen Property | Property Category | Quantity | Unit Price | Stolen Value | Recovered Value | Recovery Date |
|---|---|---|---|---|---|---|
| | None | | | .00 | .00 | |

## Associated Property Summary

| Total Stolen Property | Total Recovered Property | Total Seized Property | Total Damaged Property |
|---|---|---|---|
| $500.00 | $500.00 | $0.00 | $0.00 |

## Victim - Suspect/Defendant Relationships

| Victim - 001 | Suspect/Defendant - 001 | Victim Offender Relationship |
|---|---|---|
| Society/Public | CHAMBERS, MICHAEL DEODRICK | Victimless Crime |

## Witness Information

| Sequence | Type | Name | Sex | Race | Age | D.O.B. |
|---|---|---|---|---|---|---|
| 001 | Witness | TUOHEY, DAVID | Male | White | | |
| Address: 1601 N PINE ST Wilmington, DE 19801 | | Home Telephone: (302) 577-3443 | Employer/School: | | | Work Telephone: |

| Sequence | Type | Name | Sex | Race | Age | D.O.B. |
|---|---|---|---|---|---|---|
| 002 | Witness | WATSON, CRAIG | Male | White | | |
| Address: 1601 N PINE ST Wilmington, DE 19801 | | Home Telephone: (302) 577-3443 | Employer/School: | | | Work Telephone: |

| Sequence | Type | Name | Sex | Race | Age | D.O.B. |
|---|---|---|---|---|---|---|
| 003 | Witness | JENSEN, AMY | Female | White | | |
| Address: 1601 N PINE ST Wilmington, DE 19801 | | Home Telephone: (302) 577-3443 | Employer/School: | | | Work Telephone: |

| Sequence | Type | Name | Sex | Race | Age | D.O.B. |
|---|---|---|---|---|---|---|
| 004 | Witness | HERRON, MARK | Male | White | | |
| Address: 1601 N PINE ST Wilmington, DE 19801 | | Home Telephone: (302) 577-3443 | Employer/School: | | | Work Telephone: |

| Sequence | Type | Name | Sex | Race | Age | D.O.B. |
|---|---|---|---|---|---|---|
| 005 | Witness | RODRIGUEZ, MICHAEL | Male | White | | |
| Address: 300 N WALNUT ST Wilmington, DE 19801 | | Home Telephone: (302) 571-4495 | Employer/School: | | | Work Telephone: |

| Sequence | Type | Name | Sex | Race | Age | D.O.B. |
|---|---|---|---|---|---|---|
| 006 | Witness | PRUDEN, JASMINE NICOLE | Female | Black | [redacted] | [redacted] |
| Address: [redacted] | | Home Telephone: [redacted] | Employer/School: | | | Work Telephone: |
| Parent/Guardian Information: [redacted] | | Parent Telephone: | | | | |

## Investigative Narrative

1. YOUR AFFIANT CAN STATE THIS INCIDENT OCCURRED ON THURSDAY, 11/13/03, IN THE CITY OF WILMINGTON, NEW CASTLE COUNTY, STATE OF DELAWARE.



EXHIBIT "C"

| Page: 4 | R eoci Date: 11/13/2003 | Agency: Wilmington PD | Complaint: 30-03-117216 |

## Investigative Narrative - Continued

MICHAEL CHAMBERS AT THIS TIME SHE TENTATIVELY IDENTIFIED HIM AS A SUBJECT WHO HAD BEEN WITH KEVIN WHITE AND LEONDREI PRINCE ALONG WITH A YOUNG FEMALE. STACY YOUNG ADVISED THEY WERE INQUIRING ABOUT RENTING AN APARTMENT. STACY YOUNG FURTHER ADVISED THAT SHE HAS SEEN MICHAEL CHAMBERS DRIVING THE BLACK BUICK RIVIERA THAT IS OFTEN PARKED OUTSIDE THE BUILDING.

8. YOUR AFFIANT CAN STATE WHEN OFFICER HERRON EXITED THE OFFICE HE OBSERVED THAT THE BUICK RIVIERA WAS GONE FROM THE 1400 BLOCK OF N. CLAYTON STREET. AT THIS TIME OFFICER HERRON CONTACTED DAVID TUOHEY WHO IS MICHAEL CHAMBERS ASSIGNED PROBATION AND PAROLE OFFICER. AFTER A SHORT TIME OFFICER HERRON DISCOVERED THAT CHAMBERS HAD ARRIVED AT HIS OFFICE FOR A SCHEDULED APPOINTMENT.

9. YOUR AFFIANT CAN STATE WHILE MICHAEL CHAMBERS WAS INSIDE THE OFFICE OTHER PROBATION OFFICERS LOCATED THE BUICK RIVIERA PARKED AT 17TH AND N. PINE STREETS. THE VEHICLE WAS BEING OPERATED BY A BLACK FEMALE WHO WAS SEATED ON THE DRIVERS SIDE WITH THE VEHICLE RUNNING/ KEYS IN THE IGNITION. THE FEMALE OPERATOR IDENTIFIED HERSELF AS JASMINE FLOWERS. FLOWERS ADVISED SHE ARRIVED WITH MICHAEL CHAMBERS WHO WAS SCHEDULED TO MEET HIS PROBATION OFFICER. FLOWERS FURTHER ADVISED SHE DID NOT HAVE A DRIVERS LICENSE AND COULD NOT PROVIDE ANY IDENTIFICATION. FLOWERS ADVISED SHE AND MICHAEL CHAMBERS HAD JUST LEFT AN APARTMENT IN THE RODNEY SQUARE AREA. JASMINE FLOWERS ADVISED SHE AND MICHAEL CHAMBERS HAD SPENT THE NIGHT THERE. JASMINE FLOWERS ADVISED THE KEYS IN THE IGNITION CONTAINED THE APARTMENT KEY.

10. YOUR AFFIANT CAN STATE THAT PROBATION OFFICER DAVID TUOHEY, BELIEVING THAT MICHAEL CHAMBERS WAS IN VIOLATION OF HIS LEVEL (2) PROBATION FOR RESIDING AT AN OTHER THAN LISTED ADDRESS AND WAS ATTEMPTING TO DECEIVE THE OFFICERS RESPONDED TO 1420 N. CLAYTON STREET. ONCE AT THIS LOCATION THE RECOVERED KEYS WERE UTILIZED IN THE FRONT SECURITY DOOR ALONG WITH IN THE APARTMENT KNOWN AS H-1.

11. YOUR AFFIANT CAN STATE OFFICER WATSON ADVISED HIS UNIT BELIEVING THAT MICHAEL CHAMBERS WAS POSSIBLY IN POSSESSION OF ILLEGAL DRUGS AND WEAPONS DUE TO THE ABOVE MENTIONED FACTORS WHICH HAD BEEN CORROBORATED THROUGH INVESTIGATION SOUGHT A JP COURT 20 SEARCH WARRANT THAT WAS GRANTED BY JUDGE SUSAN CLINE.

EXHIBIT "C"

12. YOUR AFFIANT CAN STATE WHILE THIS OFFICER AND MY PARTNER MICHAEL RODRIGUEZ WERE AT THE SCENE EVIDENCE WAS TURNED OVER TO US BY DAVID TUOHEY. DAVID TUOHEY ADVISED HE HAD LOCATED IN A TIMBERLAND BOX (1) KIMBER 45. CALIBER SEMI-AUTOMATIC HANDGUN SERIAL NUMBER K070596, CONTAINING

| Reporting Officer | Supervisor Approval |

| Page: 5 | Report Date: 11/13/2003 | Agency: Wilmington PD | Complaint: 30-03-117216 |

### Investigative Narrative - Continued

A MAGAZINE WITH (8) ROUNDS. IT SHOULD BE NOTED NO BULLET WAS IN THE CHAMBER. ALSO LOCATED IN A SAUCONY SHOE BOX WAS A SUPERIOR COURT RECEIPT IN THE NAME OF MICHAEL CHAMBERS. OFFICER TUOHEY ADVISED THAT A LARGE BLUE CORDUROY ROCKWARE JACKET WAS LOCATED IN THE BEDROOM AND WHEN SAME WAS SEARCHED IT WAS DISCOVERED IN THE INSIDE LEFT SIDE POCKET A CLEAR PLASTIC BAG CONTAINING (24) BLUE TINTED ZIP LOCK BAGS EACH CONTAINING A WHITE ROCK TYPE SUBSTANCE, LATER FIELD TESTED POSITIVE AS COCAINE BY DETECTIVE MICHAEL RODRIGUEZ; APPROXIMATE WEIGHT OF THESE ITEMS IS 7.0 GRAMS ALSO LOCATED IN THIS SAME POCKET WAS A CLEAR PLASTIC BAG CONTAINING (8) BLUE PILLS STAMPED "MYAN A1." IT SHOULD BE NOTED THESE PILLS HAVE NOT BEEN IDENTIFIED, THEREFORE, CHAMBERS WAS NOT CHARGED FOR SAME. LOCATED IN THE MAIN CLOSET OF THE APARTMENT WAS A CLEAR PLASTIC BAG COMMONLY USED BY A DRY CLEANER TO PROTECT CLOTHING. IT SHOULD BE NOTED THIS BAG CONTAINED A PARTIALLY STAPLED DUNRITE RECEIPT IN THE NAME OF CHAMBERS, RECEIPT NUMBER 96582.

13. YOUR AFFIANT CAN STATE AFTER RECEIVING THE ITEMS OF EVIDENCE MYSELF AND DETECTIVE MICHAEL RODRIGUEZ RESPONDED TO 17TH AND N. PINE STREETS. WHILE AT THIS LOCATION WE MET WITH PROBATION OFFICER DAVID TUOHEY WHO AFTER SEARCHING THE BLACK BUICK RIVIERA LOCATED ON THE FRONT FLOOR AREA OF THE PASSENGER SIDE A MATCHING DUNRITE CUSTOM CLEANERS RECEIPT (#96582). OFFICER DAVID TUOHEY ALSO LOCATED A POP-A-LOCK RECEPT IN THE NAME OF MICHAEL D. CHAMBERS AND A GIVEN ADDRESS ON THE RECEPT AS 1420 N. CLAYTON STREET, APARTMENT 1-H, WILMINGTON, DELAWARE.

14. YOUR AFFIANT CAN STATE WHILE AT THE WILMINGTON POLICE STATION AN INTERVIEW WITH JASMINE PRUDEN, BF17, 1/9/86 WAS CONDUCTED. IT SHOULD BE NOTED THIS SUBJECT ADVISED PROBATION AND PAROLE THAT HER NAME WAS JASMINE FLOWERS. PRUDEN ADVISED HER BOYFRIEND OF APPROXIMATELY TWO AND HALF MONTHS IS MICHAEL CHAMBERS. PRUDEN ADVISED SHE IS APPROXIMATELY TWO MONTHS PREGNANT WITH HIS CHILD. JASMINE PRUDEN ADVISED THEY HAVE BEEN STAYING AT 1420 1-H TOGETHER FOR ABOUT TWO WEEKS, HOWEVER, CHAMBERS HAS LIVED THERE LONGER. THIS OFFICER ALONG WITH DETECTIVE MICHAEL RODRIGUEZ SHOWED JASMINE PRUDEN THE ABOVE MENTIONED BLUE CORDUROY JACKET FOUND BY PROBATION AND PAROLE. JASMINE PRUDEN ADVISED THAT THE JACKET BELONGED TO HER BOYFRIEND MICHAEL CHAMBERS.



15. YOUR AFFIANT CAN STATE JASMINE PRUDEN WAS INTERVIEWED WITH PERMISSION FROM HER MOTHER. JASMINE PRUDEN WAS TURNED OVER TO HER MOTHERS BEST FRIEND (MILDRED TURNER) WITH HER PERMISSION. FOR FURTHER DETAILS SEE INTERVIEW PORTION OF THE ORIGINAL REPORT.

16. YOUR AFFIANT CAN STATE A RECORDS CHECK FOR PRIOR FELONY CONVICTIONS WAS CONDUCTED ON MICHAEL D. CHAMBERS, SBI# 00246261. DELJIS REVEALED THAT MICHAEL CHAMBER WAS ARRESTED ON 1/11/2000, FOR ASSAULT IN A DETENTION FACILITY-INJURY TO ANOTHER 11:1254:000A:F:D, GANDER HILL ARREST NUMBER 36587, COMPLAINT NUMBER: 2199000109, CASE NUMBER: 0001008270. ON 5/8/2000, MICHAEL CHAMBERS PLED GUILTY TO THE ORIGINAL CHARGE. DUE TO THIS INFORMATION MICHAEL CHAMBERS WAS CHARGED AS A PERSON PROHIBITED.

EXHIBIT "C"

| Page: 6 | Report Date: 11/13/2003 | Agency: Wilmington PD | Complaint: 30-03-117216 |
|---|---|---|---|

## Investigative Narrative - Continued

17. YOUR AFFIANT CAN STATE A COMPUTER CHECK REVELED THAT THE RECOVERED KIMBER 45.CALIBER HANDGUN SER#07596 WAS REPORTED STOLEN ON 02/10/2001. THIS FIREARM WAS STOLEN OUT OF DELAWARE STATE POLICE TROOP 6 JURISDICTION.

### Statement of Suspect 001 - MICHAEL DEODRICK CHAMBERS

NO STATEMENT PROVIDED

### Statement of Witness 001 - DAVID TUOHEY

ON THURSDAY, 11/13/03, AT APPROXIMATELY 1520 HOURS, THIS INVESTIGATOR (DRYSDALE) SPOKE TO DAVID TUOHEY OF PROBATION AND PAROLE FOR THE STATE OF DELAWARE. TUOHEY ADVISED UPON MY ARRIVAL AT 1420 N. CLAYTON STREET, APT# 1-H THE FOLLOWING. A SEARCH WARRANT WAS INITIATED AT THIS LOCATION AND THE FOLLOWING ITEMS WERE DISCOVERED. OFFICER TUOHEY ADVISED LOCATED IN A TIMBERLAND BOOT BOX WAS A KIMBER YONKERS NY USA 45. CALIBER SEMI-AUTOMATIC HANDGUN, SER# KO70596. THIS HANDGUN CONTAINED A MAGAZINE WITH (8) BULLETS. IT SHOULD BE NOTED THAT THEIR WAS NO ROUND IN THE CHAMBER. ALSO LOCATED IN A SEPARATE SHOE BOX (SAUCONY) WAS A SUPERIOR COURT RECEIPT IN THE NAME OF MICHAEL CHAMBERS. OFFICER TUOHEY FURTHER ADVISED LOCATED IN A MANS ROCOWEAR JACKET IN THE LEFT INSIDE POCKET WAS A CLEAR PLASTIC BAG CONTAINING (24) BLUE TINTED ZIP LOCK BAGS EACH CONTAINING A WHITE ROCK TYPE SUBSTANCE. ALSO LOCATED IN THIS SAME POCKET WAS A CLEAR PLASTIC BAG CONTAINING (8) BLUE PILLS STAMPED "MYLAN A1." TUOHEY ADVISED LOCATED IN THE MAIN CLOSET WAS A CLEAR PLASTIC BAG COMMONLY USED BY A DRY CLEANER TO PROTECT CLOTHING AFTER IT HAS BEEN CLEANED. ATTACHED TO THIS PLASTIC BAG WAS A PARTIALLY TORN OFF RECEIPT IN THE NAME OF CHAMBER, RECEIPT NUMBER 96582. THESE ITEMS WERE TURNED OVER TO THIS WRITER AND MY PARTNER DETECTIVE MICHAEL RODRIGUEZ. FOR FURTHER DETAILS SEE PROBATION AND PAROLE REPORT(S).

### Statement of Witness 006 - JASMINE NICOLE PRUDEN

ON THURSDAY, 11/13/03, AT APPROXIMATELY 1930 HOURS, THIS INVESTIGATOR AND DETECTIVE MICHAEL RODRIGUEZ CONDUCTED AN INTERVIEW WITH JASMINE PRUDEN. IT SHOULD BE NOTED THIS INTERVIEW WAS CONDUCTED WITH THE CONSENT OF HER MOTHER (SHERRIE PRUDEN, 11/16/60). JASMINE PRUDEN ADVISED SHE IS MICHAEL CHAMBERS GIRLFRIEND AND HAS BEEN FOR APPROXIMATELY TWO AND HALF MONTHS. PRUDEN FURTHER ADVISED THAT SHE IS PREGNANT AND THAT CHAMBERS IS THE FATHER OF THE CHILD. PRUDEN ADVISED SHE HAS LIVED AT 1420 N. CLAYTON STREET, APARTMENT 1-H WITH CHAMBERS FOR APPROXIMATELY TWO WEEKS. PRUDEN ADVISED SHE HAS KNOWN CHAMBERS FOR APPROXIMATELY TWO YEARS. PRUDEN FURTHER ADVISED CHAMBERS HAS LIVED AT 1420 N. CLAYTON STREET FOR A PEROID LONGER THAN TWO WEEKS, HOWEVER, COULD NOT STATE HOW LONG. PRUDEN ADVISED THE APARTMENT IS NOT IN MICHAEL CHAMBERS NAME AND COULD NOT PROVIDED THE LISTED TENANTS NAME ON THE LEASE. CHAMBERS ADVISED EARLIER IN THE DAY CHAMBERS AND SHE RESPONDED TO PROBATION AND PAROLE BECAUSE HE HAD A SCHEDULED APPOINTMENT. PRUDEN ADVISED PRIOR TO CHAMBERS GOING IN TO THE PROBATION OFFICE HE TOLD HER TO STAY WITH THE CAR AND IF SHE SAW AN OFFICER APPROACHING TO LEAVE THE AREA.

PRUDEN WAS ASKED BY DETECTIVE MICHAEL RODRIGUEZ ABOUT A RECEIPT REGARDING A COMPANY THAT PERFORMS A SERVICE IN OPENING LOCKED VEHICLES. PRUDEN ADVISED A SHORT TIME AGO MICHAEL CHAMBERS LOCKED HIS CAR KEYS IN THE VEHICLE AND HAD TO CONTACT POP-A-LOCK. SEE RECEIPT MENTIONED ABOVE. JASMINE PRUDEN IDENTIFIED A LARGE BLUE ROCKWEAR JACKET AS BELONGING TO MICHAEL CHAMBERS. THIS JACKET WAS FOUND IN THE APARTMENT. FOR FURTHER DETAILS SEE ORGINIAL REPORT.

EXHIBIT "C"

| Reporting Officer: CPL DRYSDALE - 6279 3 | Supervisor Approval: MARK CHRISTOPHER OJWIMXC Date 11/18/2003 1809 |
|---|---|
| Detective Notified: | Referred To: |

| Page: 1 | Report Date: 11/13/2003 | Agency: Wilmington PD | | Complaint: 30-03-117216 |
|---|---|---|---|---|
| Reported Date and Time: THU 11/13/2003 1515 | | Initial Crime Report | | Occurred: THU 11/13/2003 1430 |

Location:
1420 N Clayton ST    Wilmington, DE 19805
APARTMENT 1-H

M.O. and Incident Overview:
PROBATION AND PAROLE WHILE CONDUCTING A SEARCH WARRANT AT THE ABOVE LISTED ADDRESS LOCATED A STOLEN HANDGUN AND CRACK COCAINE, FOR FURTHER DETAILS SEE BODY OF THIS REPORT.

| Grid | Sector | County | Domestic Related | 4-F-14 Sent? | Gen Broadcast Sent? |
|---|---|---|---|---|---|
| 222-222 | 1 8 | New Castle | ☐Yes ☒No | ☐Yes ☒No | ☐Yes ☒No |

## Victim Information

| Victim Number | Name |
|---|---|
| 001 | |

| Type | Sex | Race | Ethnic Origin | Age | D.O.B. |
|---|---|---|---|---|---|
| Society/Public | | | | | |

| Address | Resident Status | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|---|
| | | | | |

| Reporting Person? | Victim Injured? | Victim Deceased? | Officer Comments |
|---|---|---|---|
| ☐Yes ☒No | ☐Yes ☒No | ☐Yes ☒No | |

| Injuries | Description of Injuries |
|---|---|
| | |

## Suspect/Defendant Information

| Sequence | Type | SBI Number | Name | Nick Name |
|---|---|---|---|---|
| 001 | Defendant | 00246261 | CHAMBERS, MICHAEL DEODRICK | |

| Sex | Race | Ethnic Origin | Age | D.O.B. | Height | Weight | Skin Tone | Eye Color |
|---|---|---|---|---|---|---|---|---|
| Male | Black | Non-Hispanic | 27 | 12/17/1975 | 6' 00" | 198 | Dark | Brown |

| Hair Color | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |
|---|---|---|---|---|---|---|---|
| Black | Short | | | Average | Normal | Large | |

| Disguise | Disguise Color(s) | Resident Status | Unusual Characteristics | Armed With |
|---|---|---|---|---|
| | | Full Time | | Unarmed |

| Address | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|
| 1420 N CLAYTON ST APARTMENT 1-H APARTMENT 1-H WILMINGTON, DE 19805 | (302) 764-4436 | UNEMPLOYED | |

| Arrest Number | Arrest Type | Suspect's Clothing Description |
|---|---|---|
| 03004169 | Warrant | 01 |

## Crimes and Associated Information

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 001 | DE:11:1450:0000:F:F | Receiving a Stolen Firearm |

| Location Type | Status | Involvement | General Offense |
|---|---|---|---|
| Residence/Home | Adult Arrest 11/13/2003 | ☐Alcohol ☐Drugs ☐Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐Yes ☒No - N/A | 2804 - Possession of Stolen Property |

| Burglary Force Involved | Criminal Activity |
|---|---|
| ☐Yes ☐No | Possessing/Concealing |

| Stolen Property | Property Category | Quantity | Unit Price | Stolen Value | Recovered Value | Recovery Date |
|---|---|---|---|---|---|---|
| | Firearms | | | 500.00 | 500.00 | 11/13/2003 |

| Item Type | Brand | Serial Number | Caliber/Gauge | Firearm Inlay | Color |
|---|---|---|---|---|---|
| Pistol, Semiautomatic | Kimber | RO70596 | 45 | ☐Yes ☒No | Aluminum |

Extended Description: SILVER AND BLACK WITH BROWN HANDLES

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 002 | DE:11:1447:A00A:F:B | Possession of a Firearm During the Commission of a Felony |

| Location Type | Status | Involvement | General Offense |
|---|---|---|---|
| Residence/Home | Adult Arrest 11/13/2003 | ☐Alcohol ☐Drugs ☐Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐Yes ☒No - N/A | 5212 - Possession of Weapon |

| Burglary Force Involved | Criminal Activity | Weapon/Force Used |
|---|---|---|
| ☐Yes ☐No | Possessing/Concealing | Handgun |

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 003 | DE:11:1448:000B:F:D | Possession of a Deadly Weapon (Firearm) By Person Prohibited |

| Location Type | Status | Involvement | General Offense |
|---|---|---|---|
| Residence/Home | Adult Arrest 11/13/2003 | ☐Alcohol ☐Drugs ☐Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐Yes ☒No - N/A | 5212 - Possession of Weapon |

| Burglary Force Involved | Criminal Activity | Weapon/Force Used |
|---|---|---|
| ☐Yes ☐No | Possessing/Concealing | Firearm |

EXHIBIT "C"

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 004 | DE:16:4751:000A:F:C | Possession With Intent to Deliver a Narcotic Schedule II Controlled Substance |

| Reporting Officer | Supervisor Approval |
|---|---|
| CPL DRYSDALE | MARK CHRISTOPHER ORIZMYC Date 11/13/2003 |

| Page: 3 | Report Date: 11/13/2003 | Agency: Wilmington PD | Complaint: 30-03-117216 |

## Investigative Narrative - Continued

2. YOUR AFFIANT CAN STATE I HAVE BEEN A WILMINGTON POLICE OFFICER FOR OVER (15) YEARS. I AM CURRENTLY ASSIGNED THE THE DRUG, VICE AND ORGANIZED CRIME DIVISION.

3. YOUR AFFIANT CAN STATE ON THE ABOVE DATE THIS OFFICER (DRYSDALE) AND DETECTIVE MICHAEL RODRIGUEZ WERE CONTACTED BY PROBATION AND PAROLE OFFICER CRAIG WATSON IN REFERENCE TO MICHAEL CHAMBERS, DOB 12/17/75 SBI#00246261.

4. YOUR AFFIANT CAN STATE OFFICER WATSON ADVISED HE WAS GOING TO INITIATE A SEARCH WARRANT AT 1420 N. CLAYTON STREET, APARTMENT 1-H DUE TO THE FOLLOWING REASONS. WITHIN THE LAST WEEK INFORMATION HAS BEEN RECEIVED FROM A PAST PROVEN SOURCE THAT MICHAEL CHAMBERS WAS NOT RESIDING AT HIS REPORTED ADDRESS LOCATED AT 3200 N. JEFFERSON STREET, WILMINGTON, DELAWARE. THE SOURCE STATED THAT MICHAEL CHAMBERS HAD AN APARTMENT AT AN UNKNOWN LOCATION AND THAT HE WAS OPERATING A BLACK IN COLOR BUICK RIVIERA WITH A DELAWARE TEMPORARY REGISTRATION PLATE, AND WAS SELLING DRUGS IN THE RIVERSIDE HOUSING PROJECT AREA.

5. YOUR AFFIANT CAN STATE OFFICER WATSON ADVISED HE HAD RECEIVED INFORMATION FROM PROBATION OFFICER LARRY COLLINS WHO IS CURRENTLY ASSIGNED TO THE DRUG ENFORCEMENT AGENCY. OFFICER LARRY COLLINS HAD INFORMATION PERTAINING TO MICHAEL CHAMBERS HAVING AN APARTMENT ON N. CLAYTON STREET, NEAR WEST 13TH STREET, WILMINGTON, DELAWARE. OFFICER LARRY COLLINS FURTHER ADVISED OFFICER WATSON THAT HIS SOURCE ADVISED THE SAME INFORMATION ABOUT THE BUICK RIVIERA AND DRUG SALES, HOWEVER, DID ESCALATE THE INFORMATION BY STATING MICHAEL CHAMBERS WAS OFTEN ARMED WITH A HANDGUN

6. YOUR AFFIANT CAN STATE ON WEDNESDAY, 11/12/03 AND THURSDAY, 11/13/03, PROBATION AND PAROLE OFFICER MARK HERRON OBSERVED A BLACK BUICK RIVIERA PARKED IN THE 1400 BLOCK OF N. CLAYTON STREET, DISPLAYING DELAWARE TEMP TAG XA853848. A COMPUTER CHECK WAS CONDUCTED AT THE TIME, HOWEVER, THE VEHICLE WAS STILL REGISTERED TO THE DEALER. IT SHOULD BE NOTED THE TIME THE VEHICLE WAS OBSERVED WAS AT APPROXIMATELY 0530 HOURS. THE VEHICLE WAS OBSERVED AT THIS LOCATION UNTIL APPROXIMATELY 1010 HOURS.

EXHIBIT "C"

7. YOUR AFFIANT CAN STATE AT APPROXIMATELY 1010 HOURS, PROBATION OFFICER HARRON RESPONDED TO THE MAIN OFFICE OF THE APARTMENTS LOCATED AT 1420 N. CLAYTON STREET. WHILE AT THIS LOCATION OFFICER HERRON SPOKE TO THE PROPERTY MANAGER, STACY YOUNG. STACY YOUNG WAS SHOWN A PICTURE OF

| Reporting Officer | Supervisor Approval |

Robertson E?   TC. 6/19/06.   CR 7/5/06

Mr. Hillis   2311009491   T 7/13/06

6-22-06

EMH
JUN 26 2006

Hello, My name is Mr. Michael Chambers, writing you in reference to the charges that I have pending against me. I'm pretty sure your aware of the meeting that took place between myself and the guy you had fill in for you while you were on vacation. I don't remember his name but anyway, I asked him to file for a motion to suppress the evidence against me on the basis of an illegal search and siezure. Before you start explaining why this motion wouldn't have no merit Just hear me out. 1. The search warrant was attained do to statements that Jasmine Prodew made, those statements must be suppressed because she was questioned without a legal guardians consent, she was 17 at the time. 2 The search warrant was for "my residence" which at the time was 3200 N. Jefferson St. which, I never switched to 16th and Clayton with my probation officer I never told him that, I was changing my address so there for to get the Magistrate Judge to sign off on a search warrant someone had to lie, under the 4th amendment this is a illegal search. I didn't live at 16th and Clayton

**EXHIBIT "D"**

nor was my name on the lease of this location. If I don't live there how can you obtain a search warrant saying that I do. So in a nut shell, I would like to suppress the statements and the search warrant. I would also like to recieve a copy of my discovery, and I want you to subpoena Jasmine Pruden and she will tell you that she was force to lie about where she came from. Her address is 2600 Claymont St. Wilm, DE 19802, the phone number is 472-9654. If your not willing to do what I ask as my Defense Counsel that means, I will not be able to file my motions within 20 days of my first case review, so I will be forced to file a motion of Ineffectiveness of Assitance to counsel.

Thank You

Michael Chambers

EXHIBIT "D"

