IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHAEL CHAMBERS,                       :
                                        :
            Petitioner,                 :
                                        :
      v.                                :   Civ. Act. No. 06-771-JJF
                                        :
RAYMOND J. SOBINA, Acting               :
Warden, SCI Albion, and                 :
JOSEPH R. BIDEN, III,                   :
Attorney General of the State of        :
Delaware,                               :
                                        :
            Respondents.[1]             :

---

Michael Chambers.  Pro se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.  Attorney for Respondents.

---

**MEMORANDUM OPINION**

February 21 , 2008
Wilmington, Delaware

---

[1]Petitioner was incarcerated at the Howard R. Young Correctional Institution (HRYCI) in Wilmington, Delaware when he filed the instant Petition. Raphael Williams is the Warden at HRYCI. Petitioner has since been transferred to SCI Albion in Pennsylvania. Therefore, the Court has substituted Warden Sobina of SCI Albion for Warden Williams of HRYCI, an original party to this case. Additionally, Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. See Fed. R. Civ. P. 25(d)(1)

*Joseph Farnan*

**Farnan, Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Michael Chambers ("Petitioner"). (D.I. 1.) For the reasons discussed, the Court will dismiss the Petition without prejudice.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

In September 2006, a Delaware Superior Court convicted Petitioner of possession with intent to deliver cocaine, use of a dwelling for keeping controlled substances, possession of a firearm during the commission of a felony, and possession of a non-narcotic controlled substance. See State v. Chambers, 2007 WL 1982877 (Del. Super. Ct. July 9, 2007). Petitioner represented himself during his criminal proceeding with standby counsel. In November 2006, Petitioner filed a motion for a new trial or acquittal of the judgment, and the Superior Court denied that motion. See State v. Chambers, 2007 WL 92625, at *1 (Del. Super. Ct. Jan. 11, 2007). In January 2007, the Superior Court sentenced Petitioner as an habitual offender to twenty-five years of incarceration, followed by three years at decreasing levels of supervision. (D.I. 12, Del. Super. Ct. Crim. Dkt. At Items 48-49.)

Petitioner filed the instant § 2254 Petition on December 18, 2006. (D.I. 1.) The State filed a Response on May 31, 2007,

correctly asserting that, at that point in time, Petitioner had not appealed his conviction and sentence. The State argued that the claims were unexhausted yet procedurally barred, and therefore, the Court should deny the Petition in its entirety. (D.I. 10.)

After conducting its own inquiry into the status of the state court proceedings, the Court determined that Petitioner filed a pro se Rule 61 motion for post-conviction relief in the Delaware Superior Court on June 26, 2007, approximately one month after the State filed its Answer.² State v. Chambers, 2007 WL 1982877 (Del. Super. Ct. July 9, 2007). The Superior Court summarily denied that Rule 61 motion on July 9, 2007,³ but the Court was unable to determine whether Petitioner appealed that decision. See id. Therefore, on January 3, 2008, the Court directed the State to supplement the state court record with the most recent Delaware Superior Court Criminal Docket and any Delaware court decisions issued after May 17, 2007. (D.I. 15.)

---

²The Rule 61 motion asserted four claims: (1) ineffective assistance of counsel; (2) violation of Petitioner's speedy trial rights; (3) violation of Petitioner's right to due process; and (4) violation of Petitioner's right to confront accuser.

³The Superior Court denied the Rule 61 motion as vague and conclusory. State v. Chambers, ID# 0311009491A, Order (Del. Super. Ct. July 9, 2007). The Superior Court Criminal Docket submitted by the State in the Supplemental Record reveals that the Superior Court sent Petitioner a notice of non-compliance on July 27, 2007, along with a form Rule 61 motion. (D.I. 18, Del. Super. Ct. Crim. Dkt. Entry No. 57.)

The Court also directed the State to inform the Court the effect, if any, such further state court proceedings may have on the Petition. Id.

The State promptly filed a Supplemental Answer and Supplemental State Court Record on January 10, 2008. (D.I. 17.) In its Supplemental Answer, the State explains that Petitioner filed a notice of appeal from his 2006 conviction in the Delaware Supreme Court on June 27, 2007,[4] that the Delaware Supreme Court accepted that appeal in September 2007, and that Petitioner's direct appeal "may be considered to be under submission for decision [by the Delaware Supreme Court] as of Friday, January 25, 2008." Id. The State argues that Petitioner's conviction will not be final until his direct appeal is decided, and asks the Court to deny the Petition without prejudice for failure to exhaust state remedies.

## II. LEGAL PRINCIPLES

Habeas corpus relief is a post-conviction remedy. See 28 U.S.C. § 2254(b). Absent exceptional circumstances, a federal court cannot review the merits of claims asserted in a habeas petition unless the petitioner has exhausted all means of available relief for the claims under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999);

---

[4]One day after Petitioner filed his Rule 61 motion in the Superior Court.

3

Picard v. Connor, 404 U.S. 270, 275 (1971). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the state courts to consider it on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). However, a petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). If a petitioner presents a petition containing only unexhausted habeas claims to a federal court, the federal court must, in the interest of comity, dismiss the petition without prejudice in order to provide the petitioner with an opportunity to exhaust state remedies. See Rose v. Lundy, 455 U.S. 509, 510 (1982)(explaining rule requiring total exhaustion); Lines v. Larkins, 208 F.3d 153, 159-60 (3d Cir. 2000).

**III. DISCUSSION**

Petitioner raises the following grounds for habeas relief: (1) defense counsel provided ineffective assistance by failing to advise Petitioner of his legal rights, reasonably investigate Petitioner's case, and develop a strategy for Petitioner's defense; (2) defense counsel provided ineffective assistance by failing to investigate and develop mitigating evidence for sentencing purposes; (3) the Superior Court erred in denying Petitioner's motion for substitution of counsel; and (4) the Superior Court illegally enhanced Petitioner's sentence. (D.I. 1.)

Here, Petitioner has not satisfied the exhaustion requirement contained in 28 U.S.C. § 2254(b) because his direct appeal is pending before the Delaware Supreme Court. See Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992)(explaining general rule that federal habeas review is unavailable until state criminal proceeding is completed); see, e.g., Ross v. Carroll, 2002 WL 31230810, at *2 (D. Del. Sept. 23, 2002). Moreover, if Petitioner's conviction is affirmed on direct appeal, his ineffective assistance of counsel claims will not be exhausted until he presents them to the Superior Court in a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61, and then appeals any adverse decision to the

Delaware Supreme Court.[5]  See Pringle v. Caroll, 2006 WL 1319545, at *2 (D. Del. May 15, 2006).  Accordingly, the Court will dismiss the Petition without prejudice for failure to exhaust state remedies.[6]

---

[5]The Delaware Supreme Court is currently considering Petitioner's direct appeal, indicating that Petitioner's Rule 61 motion was prematurely filed and that the claims contained therein were not ripe for consideration.  See Del. Super. Ct. Crim. R. 61(b)(4); Carter v. State, 873 A.2d 1099 (Table), 2005 WL 1175938, at *1 (Del. May 16, 2005).  In other words, the Superior Court did not have jurisdiction to consider Petitioner's Rule 61 motion.  Thus, it appears that Petitioner will not be precluded from pursuing collateral review in the state courts once his appeal is decided.

[6]Habeas applications filed pursuant to 28 U.S.C. § 2254 must be filed within one year of the judgment of conviction becoming final, and the limitations period is tolled during the pendency of properly filed applications for state post-conviction relief.  See 28 U.S.C. § 2244(d)(1),(2).  When a petitioner presents a federal court with an application containing both exhausted and unexhausted claims ("mixed application"), and the federal habeas limitations period will clearly foreclose a future collateral attack in federal court, the federal court must decide whether to stay the habeas proceeding while the petitioner exhausts state remedies.  Rhines v. Weber, 544 U.S. 269 (2005); Pliler v. Ford, 542 U.S. 225 (2004); Rose v. Lundy, 455 U.S. 509, 510, 522; Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  However, in this case, a stay is not warranted because the Petition contains only unexhausted claims.
Moreover, even if Petitioner's failure to appeal the Superior Court's denial of his Rule 61 motion effected a procedural default which, in turn, would render the Petition mixed, Cf. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993)(A "petition containing unexhausted but procedurally barred claims in addition to exhausted claims [] is not a mixed petition."), the Court would still dismiss the mixed Petition without prejudice in order to provide Petitioner with an opportunity to exhaust the unexhausted claims.  The Court would also refuse to stay the habeas proceeding because the federal limitations period has not yet begun to run.  See generally Rhines, 544 U.S. 269.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that the Petition must be dismissed without prejudice because the claims contained therein are unexhausted. Reasonable jurists would not find these conclusions to be debatable. Therefore, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, Petitioner's Application For A

7

Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be dismissed without prejudice.

An appropriate Order will be entered.